RICHARD W. BOOTH, COUNTY TREASURER OF THE COUNTY OF ESSEX, RELATOR, v. FREDERICK R. WAGNER, BOROUGH TREASURER AND TAX COLLECTOR OF THE BOROUGH OF VERONA, AND DAVID SLAYBACK, ARTHUR CRAWFORD, FRANK ZINK, HENRY WILLIAMS, CALHOUN F. BUGBEE, GEORGE BOLLENBACK AND WILLIAM KAPLAN, COUNCILMEN, CONSTITUTING THE BOROUGH COUNCIL, THE GOVERNING BODY OF THE BOROUGH OF VERONA, RESPONDENTS.

Argued January 16, 1934—Decided April 6, 1934.

Before Brogan, Chief Justice, and Justices Trenchard and Heher.

For the relator, *Arthur T. Vanderbilt*.

For the respondents, *Chester C. Beekman*.

Per Curiam.

The relator, the county treasurer of the county of Essex, obtained a rule to show cause why a peremptory writ of *mandamus* should not issue to compel the designated officers and governing body of the borough of Verona, in the county of Essex, to pay the state and county taxes then in default, to the relator.

We believe that the factual situation in this case, so far as essential to the decision, is in effect similar to that in *Booth* v. *Parnell,* 12 *N. J. Mis. R.* 413, and the principles of law applicable thereto are to be found in that decision which is here controlling.

True the respondents urge that the writ should not go because a member of the board of freeholders of the county said to a member of the borough council that he would be content with a *pro rata* share of the collections. But that had no binding force upon the relator, first because it was not approved by any resolution of the board of freeholders, and secondly, was contrary to the requirement of the statute and notably would deprive the relator of some portion of both the state and county tax to which he was entitled by law.

The contention that the writ should not go because the borough required the money for other purposes is sufficiently disposed of in *Booth* v. *Parnell, supra.*

The rule to show cause in this case will be made absolute and a peremptory writ accordingly granted.

It being made to appear without dispute that after the rule to show cause was allowed, the relator named in the original petition resigned from the office of county treasurer of the county of Essex; that his resignation has been accepted and his successor, Zenas Crane, has been appointed and duly qualified and is therefore now the duly qualified

treasurer of the county, the writ therefore will run in the name of Zenas Crane, county treasurer of the county of Essex, and will require respondents to pay to that named official the state and county taxes.